# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| **Plaintiff**, | **Case No. 19-20027-02-DDC** |
| **v.** | |
| **ROBERT WHITE, JR. (02)**, | |
| **Defendant**. | |

## MEMORANDUM AND ORDER

Defendant Robert White, Jr. has filed a pro se[1] Motion to Reduce his sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines.  Doc. 103.  The government filed a Response.  Doc. 106.  The court lacks jurisdiction and dismisses Mr. White's motion for the following reasons.  The court also denies Mr. White's request that the court appoint him counsel.

### I.    Background

On December 4, 2019, Mr. White entered a guilty plea (Doc. 42) to conspiracy to distribute more than 50 grams of a mixture and substance containing methamphetamine, violating 21 U.S.C. § 846 (Count 2) and use and carry of a firearm in furtherance of a drug trafficking crime, violating 18 U.S.C. § 924(c)(1)(A)(i) (Count 3).  On May 14, 2020, a federal probation officer prepared a Presentence Investigation Report (PSR).  Doc. 58.  Based on the

---

[1]    Because defendant proceeds pro se, the court construes his filings liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

quantity of drugs—13.61 kilograms of methamphetamine mixture and 37 grams of Fentanyl—and Mr. White's Guidelines § 3B1.2 adjustment, the PSR determined that Mr. White had a base offense level of 34. *Id.* at 10 (PSR ¶ 27).  A two-point reduction applied because under Guidelines § 3B1.2(b), Mr. White's participation in the conspiracy was limited to four methamphetamine sales and storing methamphetamine and Fentanyl for other members of the conspiracy. *Id.* at 10–11 (PSR ¶ 32).  The PSR deducted three points because Mr. White accepted responsibility and timely notified authorities of his intent to enter a plea. *Id.* at 11 (PSR ¶¶ 36–37).  Based on the 2018 Guidelines Manual, Mr. White had a total offense level of 29. *Id.* (PSR ¶ 38).

Mr. White's criminal history produced zero criminal history points, establishing a criminal history category of I. *Id.* at 12 (PSR ¶ 43).  Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) require a minimum imprisonment of five years if a defendant is found guilty of conspiracy to distribute more than 50 grams of a mixture and substance containing methamphetamine.  Title 18 U.S.C. § 924(c)(1)(A)(i) requires a minimum term of imprisonment of five years, imposed consecutively to any other counts, if defendant is found guilty of use and carry of a firearm in furtherance of a drug trafficking crime.  "Based upon a total offense level of 29 and a criminal history category of I, the guideline imprisonment range" for Count 2 was 87 months to 108 months. *Id.* at 14 (PSR ¶ 66).  "The guideline sentence for Count 3 [was] 60 months, which [was] required to be imposed consecutively to any other term of imprisonment and imposed independently." *Id.* (PSR ¶ 67).  The parties' binding plea agreement recommended "a sentence at the low end of the applicable Guideline range[.]"  Doc. 42 at 4 (Plea Agreement).  On October 8, 2020, the court sentenced Mr. White to a controlling term of imprisonment for 82 months and four years of supervised release.  Doc. 77 at 2–3.  The 82

months consisted of 22 months on Count 2 and 60 months on Count 3, the 60 months to run consecutively to the 22 months on Count 2.

Mr. White asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to his October 2020 sentence and reduces his offense level by two levels. Doc. 103 at 1.  The court addresses Mr. White's motion, but first, recites the governing legal standard.

## II.      Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

(1)  on motion of the Director of the Bureau of Prisons or the defendant, if defendant exhausts administrative remedies, if special circumstances exist;

(2)  if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or

(3)  if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Mr. White asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range.  Doc. 103 at 1.

Effective November 1, 2023, Amendment 821 Part B lowered the offense level by two levels for certain defendants with zero criminal history points.  U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).  The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

(1)     the defendant did not receive any criminal history points from Chapter Four, Part A;

(2)     the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3)     the defendant did not use violence or credible threats of violence in connection with the offense;

(4)     the offense did not result in death or serious bodily injury;

(5)     the instant offense of conviction is not a sex offense;

(6)     the defendant did not personally cause substantial financial hardship;

(7)     the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8)     the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9)     the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10)    the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.*

## III.     Analysis

Mr. White is a zero-point offender.  *See* Doc. 58 at 12 (PSR ¶ 43).  But he loses his bid for a reduced sentence at subsection (a)(7), which requires that "the defendant did not possess . . . a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]"  U.S. Sent'g Guidelines Manual § 4C1.1(a)(7) (U.S. Sent'g Comm'n 2023).  Mr. White was convicted of use and carry of a firearm in furtherance of a drug trafficking crime, violating 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count 3).  Doc. 58 at 1–2 (PSR).

In short, Amendment 821 § 4C1.1 doesn't apply to Mr. White.  Because Mr. White's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2).  The court thus lacks jurisdiction and must dismiss Mr. White's motion (Doc. 103).  *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that district courts should dismiss for lack of jurisdiction if defendant is ineligible for a sentence reduction under § 3582(c)(2)); *United States v. Andrade*, No. 18-10129, 2024 WL 1461816, at *1 (D. Kan. Apr. 4, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant failed to meet all § 4C1.1 criteria).

Mr. White's motion also asks the court to appoint him counsel for his Amendment 821 request.  Doc. 103.  "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]"  *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  Our court appointed the office of the Federal Public Defender to help eligible defendants seek relief under Amendment 821.  *See* D. Kan. S.O. 23-03.  The court forwarded Mr. White's motion to the FPD, Doc. 104, and the FPD declined to enter an appearance, Doc. 107.  The court, in its discretion, denies Mr. White's request for counsel.

## IV.      Conclusion

The court is without jurisdiction to consider Mr. White's current motion.  Thus, the court dismisses Mr. White's motion for lack of jurisdiction.  The court also denies his request to appoint counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. White's Motion to Reduce Sentence (Doc. 103) is dismissed.

**IT IS FURTHER ORDERED THAT** Mr. White's request for appointment of counsel is denied.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2024, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge